# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LeAnna C. Branham, | ) Case No. 13-42093-13-can |
|     Debtor. | ) |
| | ) |
| | ) |
| LeAnna C. Branham, | ) |
|     Plaintiff, | ) |
| | ) Adv. No. 13-04105-can |
| v. | ) |
| | ) |
| First Franklin a Division of Nat.City Bank of In., et al, | ) |
| | ) |
|     Defendants. | ) |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT WITHOUT PREJUDICE

This matter comes before the Court on the Plaintiff's second Motion for Default Judgment. For the reasons stated below, the Motion is denied and the amended complaint is dismissed without prejudice.

Debtor as plaintiff commenced what was intended to be a *Nobleman*[1]-style, lien-stripping adversary complaint in this case on July 24, 2013. Although Debtor's Counsel docketed the complaint as a complaint against two defendants -- Home Loan Services, Inc. and First Franklin, a Division of Nat. City Bank of In. -- the complaint itself only names First Franklin in its caption. The complaint in the opening paragraph states that it seeks "to have the lien held by the defendant, First Franklin and serviced by Home Loan Services, Inc., as unperfected." The complaint also defines First Franklin as the Defendant. The complaint states that the Debtor

---

[1] *Nobleman v. American Savings Bank*, 113 S.Ct. 2106 (1993).

1

scheduled Home Loan Services as owning the second deed of trust on her home; that "Defendant's" second mortgage is junior to a first deed of trust held by First Franklin, and that Defendant's second deed of trust should therefore be avoided.

Debtor caused a summons to be issued to First Franklin, and filed a certificate of service showing regular mail service on First Franklin and Home Loan Services at a street address. Debtor then filed a motion for default judgment on her complaint "to avoid junior lien against Defendant First Franklin." The Court denied the motion without prejudice for lack of service under Fed.R.Bankr.Proc. 7004(b)(3), also noting that Debtor had not even scheduled First Franklin as a creditor.

Shortly thereafter, Debtor filed an Amended Complaint. The Complaint names First Franklin and PNC Bank, N.A. as defendants, but is docketed as a complaint against only PNC Bank. The complaint's caption lists only PNC Bank, N.A., as a defendant. However, the complaint again requests in its opening paragraph to "have the lien held by the Defendant, First Franklin" avoided, or, "in the alternative [the lien of] PNC." Debtor again alleges that the "Defendant's second mortgage is junior to the first deed of trust held by First Franklin." Debtor also alleges that it is unclear who holds her second deed of trust based on her review of a proof of claim filed by Select Portfolio Servicing in the name of PNC Bank, and signed by counsel.

The Debtor then requested a summons issue for the "Defendants First Franklin, Home Loan Services, and PNC Bank." The executed certificate of service shows service to PNC Bank "Attn: Officer/Agent designated to receive service of process"; and to Select Portfolio Servicing, First Franklin, and Home Loan Services, Inc., at street addresses.

The Debtor in each complaint references how she scheduled the respective deeds of trust. A review of the Debtor's plan and original schedules in the underlying Chapter 13 case show that

2

Debtor owns a home encumbered by a first deed of trust held by BAC Home Loans, and a second deed of trust held by Home Loan Services. After the Court's order denying the motion for default judgment, the Debtor amended her Schedule D to show that First Franklin – not BAC – owns the first deed of trust, and that PNC Bank – not Home Loan Services, Inc. – holds the second.

With this background, it should be readily apparent that it is not appropriate to enter judgment on either of the complaints filed here, by many reasons.

First, the first complaint failed to name the proper parties; if the Debtor thought at that time that Home Loan Services held the second deed of trust, Debtor should have named Home Loan Services as a defendant in the caption; otherwise, Home Loan Services would have had no due process way of knowing it was a named defendant. Debtor did name PNC as a defendant in the second complaint, but the complaint in the opening paragraph defines First Franklin, the first lienholder, as the defendant whose lien she seeks to avoid; the rest of the allegations are frankly nonsensical in light of the fact that First Franklin's lien is not avoidable under *Nobleman*. So, both complaints fail to state actual claims for the relief requested, that of avoiding the lien of the second deed of trust.

Second, the amended complaint has still not been properly served. Debtor requested that the clerk issue one summons for three defendants, First Franklin, Home Loan Services and PNC Bank. Leaving aside the fact that First Franklin should not be a defendant and the Debtor did not name Home Loan Services as a defendant, Fed.R.Civ.P. 4 as incorporated in Fed.R.Bankr.Proc. 7004 requires that a summons be issued for each defendant to be served. Fed.R.Civ.P. 4(b). The reasons should be obvious – to give defendants a due process right to know that they are being sued.

3

Third, although an address for notice on a proof of claim is not necessarily the proper address for service of process, Debtor's Counsel indicated that she reviewed the proof of claim; Counsel has a due process duty – if not an ethical one – to notify an attorney of process against his client as well as to give notice to the address the creditor requested.[2]

Fourth, without ruling on whether Rule 7004(b)(3) requires an actual name of an officer or registered agent,[3] the Court does not understand why Counsel served only one of the alleged defendants – PNC— to the attention of an officer, when the complaint names First Franklin as a defendant and the summons request named Home Loan Services as a defendant. Assuming those parties are defendants, service to street addresses is not in compliance with the Rule 7004(b)(3).

Next, the amendment to the complaint itself is invalid. Complaints may only be amended once as a matter of course within 21 days after serving the complaint (See Rule 15 as incorporated by Fed.R.Bankr.P. 7015), and thereafter only with leave of Court. Debtor did not seek leave of Court to file an amended complaint.

Finally, this complaint was commenced on July 24, 2013.  Rule 7004(m) requires the Court to dismiss the complaint without prejudice for failure to serve within 120 days, unless the Plaintiff can show good cause for the failure.

In sum, the Court should not have to review proofs of claim, plans and schedules to determine whether a complaint states a claim for relief and has been properly served. Under the circumstances, it is unlikely Counsel can show cause why the Court should extend the time for service. The better course of action would be to start afresh with a properly pleaded complaint and proper service.

---

[2] PNC filed its proof of claim after the Court entered its order denying the first motion for default judgment.

[3] Courts are split on this issue.

DATED: February 13, 2014

/s/ Cynthia A. Norton
United States Bankruptcy Judge
